**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeannie Mendoza, for her minor child B.M., </br>        Plaintiff, </br>vs. </br>Commissioner of Social Security, </br>        Defendant. | No. CV-08-511-PHX-DGC </br></br>**ORDER** |

Plaintiff commenced this action for judicial review of the denial of social security benefits on March 14, 2008. Dkt. #1. The parties sought a remand to allow the Appeals Council to affirm a finding of disability as of May 9, 2007, and to permit the ALJ to determine the issue of disability prior to that date. Dkt. #8. The Court granted the stipulation and remanded the case pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g). Dkt. ##9-10.

Plaintiff has filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. #11. "The EAJA creates a presumption that fees will be awarded to prevailing parties." *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The Court shall award attorney's fees to a prevailing party unless the United States shows that its position was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

1   Plaintiff is a prevailing party because the denial of benefits has been reversed and
2   remanded pursuant to sentence four of the Social Security Act. Dkt. ##9-10 *see Gutierrez*,
3   274 F.3d at 1257 ("An applicant for disability benefits becomes a prevailing party for
4   purposes of the EAJA if the denial of her benefits is reversed and remanded[.]"); *Flores*, 49
5   F.3d at 567 ("If the district court enters judgment reversing and remanding under sentence
6   four, then the claimant must apply for fees within 30 days of the date the judgment becomes
7   final."). Defendant does not contend that the position of the United States in this case was
8   substantially justified or that special circumstances make a fee award unjust. Dkt. #13. The
9   Court therefore concludes that an award of attorney's fees under the EAJA is appropriate.
10  *See* 28 U.S.C. 2412(d)(1)(a); *Gutierrez*, 274 F.3d at 1257-58.

11  Plaintiff's counsel, Stephanie Lake, has filed an affidavit and an itemized statement
12  of fees showing that she worked 7.6 hours on this case and that the legal fees and costs total
13  $1,615.10. Dkt. ##11-2, 11-3. Having reviewed counsel's affidavit and the statement of
14  fees, and having considered the favorable result counsel obtained for Plaintiff and the
15  relevant fee award factors, *see Hensley v. Eckerhart*, 461 U.S. 424, 429-30 & n.3 (1983), the
16  Court concludes that the requested fee award is reasonable. The Court will grant Plaintiff's
17  motion and award her $1,615.10 in attorney's fees and costs.

18  **IT IS ORDERED:**

19  1.   Plaintiff's motion for attorney's fees (Dkt. #11) is **granted**.
20  2.   Plaintiff is awarded **$1,615.10** in attorney's fees and costs pursuant to the
21       Equal Access to Justice Act, 28 U.S.C. § 2412.

22  DATED this 9th day of September, 2008.

*David G. Campbell*
David G. Campbell
United States District Judge